### AUGUST PUNTT V. JOHN ZIMMER.

1. CONSTRUCTION OF DIVISION LINE DESCRIPTION OF DEED.

Where the description contained in a deed reads "n rth with the half section line," the phrase denotes direction and not necessarily that the line intended is identical with the half section line, and the line connecting the corners and not the half section line must be taken as the dividing line.

[For other cases in point, see 3 Cyc. Dig., "Deeds," §§ 639-705.—Ed.]

2. EFFECT OF CONSTRUING DEED BY PARTIES.

But where it was believed by the grantor and the grantee that the corners were located in the half section line, and both have acted on that belief, the grantee acquires title by adverse possession to the strip lying between the half section line and the true line.

[For other cases in point, see 1 Cyc. Dig., "Adverse Possession." §§ 4-20.—Ed.]

[Syllabus approved by the court.]

**Reemelin & Hosbrook,** for plaintiff.

**Schorr & Wesselmann,** for defendant.

Plaintiff is concluded by the declarations made by Nathaniel Denman second, his predecessor in title when in possession, and when selling the roadway to Peter Zimmerer, father of the defendant. Denman pointed out a certain line as the half section line; said line marking his east boundary, and instructed the purchaser to begin at the line so designated and measure westwardly twenty feet, and gave the purchaser general warranty deed for the strip. *Daggett v. Shaw,* 6 Mass. (5 Metc.) 223. See also Abbott, Trial Ev. 899.

Plaintiff is in privity with Nathaniel Denman second and succeeds to such title only as was in Nathaniel Denman second at the time of his death.

The line so pointed out by Nathaniel Denman even though it be not the true half section line, was recognized as such and acquiesced in, and must therefore be considered as established and cannot now be varied. *Baldwin v. Brown,* 16 N. Y. 359; *McCormick v. Barnum,* 10 Wend. 104; *Jones v. Smith,* 64 New York 180; Tyler, Ejectment 571; *Smith v. McKay,* 30 Ohio St. 409; *Ries v. Wolf,* 9 Circ. Dec. 255 (18 R. 552).

Even without the general warranty deed defendant is entitled to the roadway claimed by him. He and his predecessors in title have

held it adversely to Nathaniel Denman second and all other persons since June 17, 1874, the date of Denman's deed. *Yetzer* v. *Thoman,* 17 Ohio St. 130 [91 Am. Dec. 122] ; *Pavey* v. *Vance,* 56 Ohio St. 162 [46 N. E. Rep. 898] ; *Core* v. *Faupel,* 24 W. Va. 238.

There has been no entry upon the land held by defendant and his predecessor in title of such a nature as to interrupt the continuity of his adverse possession. *Johnston* v. *Fitzgeorge,* 50 N. J. Law 470 [14 Atl. Rep. 762] ; *Young* v. *Withers,* 38 Ky. (8 Dana) 165.

Disconnected and clandestine assertions of title or acts of ownership will not avail to defeat a title acquired by adverse possession. *Creech* v. *Jones,* 37 Tenn. (5 Sneed) 635; *St. Croix Land & Lumber Co.* v. *Ritchie,* 78 Wis. 492 [47 N. W. Rep. 657] ; *Ransom* v. *Lewis,* 63 N. C. 43; *Jordan* v. *Lang,* 22 S..C. 159; *Stephenson* v. *Wilson,* 37 Wis. 482.

Ancient boundaries have been established by parol testimony; it has always been received, if pertinent and material between the parties. *Taylor* v. *Fomby,* 116 Ala. 621 [22 So. Rep. 910; 67 Am. St. Rep. 149].

## GIFFEN, J.

The plaintiff commenced this action to enjoin the defendant from trespassing upon or using his land as a driveway, and from erecting and maintaining a fence on or across his property.

The road in controversy is located in the southwest quarter of section 22, town. 4, range 1, in the Miami Purchase. The land described in the petition and also in the deed offered in support of the plaintiff's ownership, is east of and adjoining section 22, no part of the same being within the boundaries of such section. The description of the plaintiff's land begins evidently by mistake at the southeast corner of the section instead of the southwest corner. It is manifest, therefore, that the plaintiff has failed to make out a case and his petition must be dismissed.

The defendant by answer, asks affirmative relief and prays that his title to said roadway, which was defined by occupancy and user, and by the deeds conveying the same, be quieted against any and all claims of the plaintiff. The deed under which he claims title to the premises in controversy, contains the following description:

"Lying and being in county of Hamilton, state of Ohio, township 4, range 1, section 22 in the Miami Purchase, beginning at the northwest corner of Joseph Nicholas's land; thence north with the half section line 264 feet to common corner of Dorkholtz and Denmons; thence west 20 feet on the line between Dorkholtz and Denmons; thence south parallel with the former line 264 feet or to the center of the county road; thence east 20 feet to the place of beginning."

Puntt v. Zimmer.

When the two corners called for in the deed are ascertained the line joining them will be the east line of the tract conveyed independent of the half section line, the words, "with the half section line," denoting nearness or in the same direction as the half section line and not necessarily upon or along such line.

The testimony, however, tends to show that these corners were intended and understood to be upon the half section line, and the difficulty arises in the fact that at the time the deed for the strip of ground twenty feet in width was made, the commonly accepted half section line was about twenty feet west of the true half section line, and was so understood and recognized by all the adjacent landowners from 1874, the date of the deed, until 1902, when the plaintiff acquired title to his land. The defendant and his predecessors in title have been in adverse possession during all this time, believing that the accepted half section line was the true line, and have therefore acquired title by adverse possession. *Yetzer* v. *Thoman*, 17 Ohio St. 130 [91 Am. Dec. 122].

A decree may be entered quieting the title of the defendant against all claims of the plaintiff for the strip of ground twenty feet in width so used and accepted by the defendant, each party to pay one-half of costs.

**Jelke** and **Swing, JJ.**, concur.